UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MISAEL CORDERO,

    Plaintiff,

  v.

GREGORY KELLEY, et al.,

    Defendants.

Civil Action No. 17-1596 (PGS)

**MEMORANDUM AND ORDER**

  Plaintiff Misael Cordero, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

  Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

  The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full

$400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, the six-month prison account statement submitted by Plaintiff shows that he had an income of $1,917.50 in the six months covered by the account statement. As such, Plaintiff had an income in excess of an average of $300 a month during that time period. This indicates that Plaintiff had the financial means to pay the filing fee. In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not

deprive her of the 'necessities of life.'" *Id.* Here, Plaintiff's income is more than three times of the $95/month threshold established in *Shahin*, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison. Like the plaintiff in *Shahin*, Plaintiff may have to save up in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124.

**IT IS** therefore on this ___15___ day of ___March___, 2017,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby **DENIED**; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.