# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | Civil Action No. 17-1596 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| GREGORY KELLEY, et al., | |
| Defendants. | |

Plaintiff Misael Cordero, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied his IFP application on the merits, finding that his $320/month income as an incarcerated prisoner demonstrated a sufficient ability to pay the filing fee. ECF No. 2. Presently before the Court is Plaintiff's motion for reconsideration. ECF No. 3.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). lThe "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

"Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

Plaintiff's motion is denied. Although Plaintiff provides a laundry list of expenses in his motion, he does not explain how those expenses add up to offset most of his income. He also asserts that he has to spend his income on necessary items to live, but a prison is not only presumed, but required by law to provide prisoners with the basic necessities of life. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). If Plaintiff truly believes that his prison is not providing such necessities, he should seek remedies through the appropriate process. To the extent Plaintiff is spending his income to make his life a little more comfortable, that is of course within his rights, "[b]ut the Constitution does not mandate comfortable prisons[.]" *Id.* at 349.

The Court understands that Plaintiff has a choice how to spend his own money, but filing a lawsuit is also a choice, a choice every person is confronted with in life, even when they are not incarcerated. Plaintiff has submitted a six-month statement demonstrating that he had the ability

to pay the filing fee, and if Plaintiff is unwilling to pay that fee in order to file his lawsuit, that is certainly his choice. IFP is a privilege, not a right, and Plaintiff has not demonstrated to this Court's satisfaction that he is entitled to that privilege. *See Shahin v. Sec. of Del.*, 532 F. App'x 123, 123 (3d Cir. 2013) ("[T]he [IFP] status is a privilege rather than a right[.]"). While Plaintiff argues that he has been granted IFP status in the past, IFP status is determined individually for each case. Accordingly, the motion is denied.

However, in the interest of justice, because Plaintiff represents that he cannot save up enough money to pay the filing fee within the 30 days afforded by the Court in its prior order, the Court will afford Plaintiff another 90 days to submit the proper filing fee.

IT IS therefore on this ___9___ day of ___August___, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's motion for reconsideration, ECF No. 3, is hereby **DENIED**; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 90 days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

3

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.