# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | Civil Action Nos. 17-1596 (PGS-DEA) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| GREGORY KELLEY, et al, | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

1. Plaintiff, a state prisoner incarcerated in New Jersey State Prison ("NJSP") in Trenton, New Jersey, alleges defendants Gregory Kelley and Stephen D'Ilio violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, ("RLUIPA") by preventing him from receiving, retaining, reading, and sending out religious tracts. He further alleges defendant D'Ilio interfered with his access to the courts by failing to properly respond to his administrative grievances.

2. Plaintiff alleges that Officer Kelley confiscated religious tracts Plaintiff purchased to give to his family and friends. Officer Kelley allegeldy stated the tracts were "not authorized

1

for retention or receipt" and that "'[a]ll religious material for distribution must go through chaplains office.'" Compl. ¶ 8 (alteration in original).

3. Plaintiff had previously purchased similar tracts without problems. *Id.* ¶ 7. He alleges there is no policy that requires religious pamphlets to go through the chaplain's office. *Id.* ¶ 9. He further states the pamphlets were for friends and family, not distribution within the prison. *Id.* ¶ 11.

4. Plaintiff appealed the confiscation to Administrator D'llio on March 19, 2015. *Id.* ¶ 12. Plaintiff alleges Administrator D'llio did not respond to his appeal, so he filed an inquiry form requesting a decision. *Id.* ¶¶ 14-15. The response to the inquiry form stated that religious pamphlets had to be reviewed by the chaplain's office. *Id.* ¶ 15.

5. Plaintiff alleges Administrator D'llio purposely failed to respond to his grievances to prevent him from exhausting his administrative remedies. He claims he lost a meritorious claim in the New Jersey Superior Court, Appellate Division.

6. Plaintiff alleges defendants violated his First Amendment rights to practice his religion. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To make out a claim for denial of an individual's free exercise rights under the First Amendment, an individual must allege the regulation impinges on a sincerely held religious belief. *DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000) (en banc).

7. Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged a First Amendment claim against defendants. This claim shall proceed.

8. Plaintiff also claims a violation of RLUIPA, 42 U.S.C. § 2000cc-1 et seq. "RLUIPA protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]'" *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (quoting 42 U.S.C. § 2000cc–5(7)(A)). RLUIPA provides "'greater protection' for religious liberty than is provided by the First Amendment. . . . [C]ourts must be careful not to import reasoning from cases such as *Turner* involving First Amendment rights." *Payne v. Doe*, 636 F. App'x 120, 124 (3d Cir. 2016) (per curiam) (citing *Hobbs*, 135 S. Ct. at 863) (internal citation omitted). Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged a RLUIPA against defendants. This claim shall also proceed.

9. Plaintiff has failed to state an access to the courts claim against Administrator D'Ilio. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

10. The claims Plaintiff purportedly "lost" are the same claims he is raising in this Court: violations of the First Amendment and RLUIPA. There has been no finding that Plaintiff's claims are barred. Therefore, Plaintiff's access to the courts claim cannot proceed at this time because it does not appear on the face of the complaint that Plaintiff is without any other remedy. The access to the court claim is dismissed without prejudice.

11. Plaintiff has also sued D'Ilio and Kelley in their official capacities. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office ....'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff cannot proceed against defendants' official capacities for monetary damages.

12. However, prospective injunctive relief is not barred by the Eleventh Amendment. *See Owens v. Armstrong*, 171 F. Supp. 3d 316, 331 n.5 (D.N.J. 2016) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Plaintiff may proceed against Kelley in his official capacity for injunctive relief only. The current warden of NJSP will be substituted for D'Ilio for Plaintiff's injunctive relief claim. Fed. R. Civ. P. 25(d).

**IT IS** on this 22 day of August, 2018,

**ORDERED** that the Clerk shall add Warden, New Jersey State Prison, Official Capacity to the docket as a defendant. The Warden is substituted for the official capacity claims of Stephen D'Ilio, Fed. R. Civ. P. 25(d); and it is further

**ORDERED** that the access to the courts claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff's claims for monetary damages against defendants in their official capacities are hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the First Amendment and Religious Land Use and Institutionalized Persons Act claims shall **proceed**; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2] and it is finally

**ORDERED** that the Clerk of the Court shall send a Copy of this Order to Plaintiff by regular mail.

_____  8/22/18
Peter G. Sheridan, U.S.D.J.

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.