## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MISAEL CORDERO,                    :
                                   :
            Plaintiff,             :            Civ. No. 17-1596 (PGS) (DEA)
                                   :
       v.                          :
                                   :
GREGORY KELLEY, et al.,            :            **MEMORANDUM AND ORDER**
                                   :
            Defendants.            :
                                   :

Plaintiff, Misael Cordero ("Plaintiff" or "Cordero"), is a state prisoner proceeding *in forma pauperis* with a civil rights complaint alleging purported violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Presently pending before this Court is Plaintiff's motion appealing Magistrate Judge Arpert's denial of his motion to appoint pro bono counsel without prejudice. (*See* ECF 61). For the following reasons, Plaintiff's motion is denied and Judge Arpert's order is affirmed.[1]

> While there is no right to counsel in a civil case, *see Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)), "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The District Court has significant discretion in deciding whether to appoint pro bono counsel. *Hopkins v. Medio*, No. CIV.A. 12-5134 JBS, 2015 WL 4770864, at *2 (D.N.J. Aug. 12, 2015). In making that determination, a court first must consider whether a plaintiff's claim "has some merit in fact and law." *Tabron*, 6 F.3d at 155. Once that initial threshold is satisfied, the court should consider the following additional factors, which the Third Circuit set forth in *Tabron*:
>
> > (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to

---

[1] Defendants also have a pending motion for summary judgment which will be decided in due course.

> turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> *Hopkins*, 2015 WL 4770864, at *2-3 (citing *Parham*, 126 F.3d at 457). "This list of factors is not exhaustive, nor is a single factor determinative." *Id.*
>
> "Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has authority to hear and determine non-dispositive pretrial matters," and "[d]ecisions on motions to appoint counsel are non-dispositive." *Turner v. Doe*, No. CV155942 (RBK/AMD), 2018 WL 6630511, at *3 (D.N.J. Dec. 19, 2018), *aff'd sub nom. Turner v. Scott*, 781 F. App'x 47 (3d Cir. 2019). Magistrate judges are given "wide discretion" in addressing such motions. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).
>
> When a party appeals a matter within the purview of a magistrate judge, this Court considers whether the judge's decision was (1) clearly erroneous or contrary to law, or (2) an abuse of discretion. *See generally, Turner*, 781 F. App'x at 50 n.3; *Williams v. Office of Dist. Att'y Erie Cty.*, 751 F. App'x 196, 198 (3d Cir. 2018); *Romero v. Ahsan*, No. CIV.A. 13-7695 (FLW), 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015); *Rhett v. New Jersey*, No. CIV.A.07-1310 (DRD), 2007 WL 1456199, at *1-2 (D.N.J. May 14, 2007). Under the first prong, the movant bears the burden of showing that the magistrate judge misinterpreted or misapplied the law. *Romero*, 2015 WL 5455838, at *3; *Marks*, 347 F. Supp. 2d at 149. Under the second prong, "discretion is abused only where no reasonable man would take the view adopted by the trial court." *Id.*

*Washington v. Ellis*, No. 17-7243, 2020 WL 6423595, at *2 (D.N.J. Nov. 2, 2020).

In June, 2020, Judge Arpert denied Plaintiff's motion for the appointment of counsel without prejudice. (*See* ECF 57). Judge Arpert analyzed the *Tabron* factors, but determined that the appointment of counsel was not warranted at that time. (*See id.*). Thereafter, Plaintiff appealed that denial to the undersigned.

Plaintiff makes several arguments in support of his motion appealing Judge Arpert's denial of his request for the appointment of counsel without prejudice. First, Plaintiff asserts

Judge Arpert erred because Plaintiff needed counsel to obtain a copy of his deposition transcript so he could respond to Moving Defendants' pending motion for summary judgment.[2] After Plaintiff filed his appeal of Judge Arpert's decision, however, Judge Arpert ordered Moving Defendants to file with this Court <u>and serve on Plaintiff</u> a full copy of his deposition transcript. (*See* ECF 71). Moving Defendants accomplished this on September 18, 2020. (*See* ECF 72). Thereafter, while Plaintiff submitted his initial brief in opposition to the motion for summary judgment prior to obtaining the complete deposition transcript, he submitted a subsequent response and, later, submitted a sur-reply brief after he received the full deposition transcript.[3] (*See* ECF 73 & 79). This Court will consider all these papers as part of the record in deciding Moving Defendants' motion for summary judgment. Given that Plaintiff was subsequently provided a full copy of his deposition transcript, his argument that he needs counsel appointed to obtain this transcript lacks merit.

Next, Plaintiff alleges Judge Arpert erred by considering Plaintiff's ability to represent himself in prior proceedings in this case in denying his motion to appoint counsel. However, a review of Judge Arpert's detailed opinion shows he considered Plaintiff's ability to represent himself as it related to the circumstances presented.

Finally, Plaintiff argues Judge Arpert erred because Plaintiff's time in the prison law library was limited due to the COVID-19 pandemic. However, as Judge Arpert noted, Plaintiff was given additional time in which to submit his brief in opposition to Defendants' pending motion for summary judgment.

---

[2] Since Plaintiff filed this motion, he has since filed a response to Defendants' pending motion for summary judgment. (*See* ECF 65).

[3] Plaintiff's request for leave to file a sur-reply brief (ECF 78) is granted and the sur-reply brief (ECF 79) will be considered part of the record.

Accordingly, this Court sees no reason to disturb Judge Arpert's denial of Plaintiff's motion to appoint pro bono counsel without prejudice. It should be noted though the Third Circuit has emphasized that "appointment of counsel under § 1915(d) may be made at any point in the litigation," "even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case." *Tabron*, 6 F.3d at 156-57. Should this Court determine that appointment of pro bono counsel is appropriate later, this Court may make that decision *sua sponte*.

THEREFORE, for the foregoing reasons, IT IS this 29th day of January, 2021,

ORDERED Plaintiff's motion to appeal Judge Arpert's order denying Plaintiff's motion for the appointment of pro bono counsel is DENIED; and Judge Arpert's June 16, 2020 order (ECF 57) is AFFIRMED; and it is further

ORDERED Plaintiff's request to file a sur-reply brief in response to Moving Defendants' motion for summary judgment (ECF 78) is granted; and it is further

ORDERED the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.


*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.